UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID CHARLES SCHUBERT,

          Petitioner,

    v.

KENNETH QUINN,

          Respondent.

No. C08-0660RSL

ORDER GRANTING IN PART
CERTIFICATE OF APPEALABILITY

      This matter comes before the Court on petitioner's "Motion for Certificate of Appealability." Dkt. # 18. Because petitioner filed his notice of appeal after April 24, 1996, his appeal is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which worked substantial changes to the law of habeas corpus. Under the amended version of 28 U.S.C. § 2253(c), a petitioner may not appeal the denial of a habeas corpus petition unless the district court or the Ninth Circuit issues a certificate of appealability identifying the particular issues that may be pursued on appeal. United States v. Asrar, 116 F.3d 1268 (9th Cir. 1997).

      To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right. "Obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Rather, he must demonstrate that the resolution of the habeas petition is debatable among reasonable jurists or that the issues presented were "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a

ORDER GRANTING IN PART
CERTIFICATE OF APPEALABILITY

petition is dismissed on procedural grounds, the Court must determine whether "jurists of reason" would debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the district court's procedural ruling was correct. <u>Slack</u>, 529 U.S. at 484.

Having reviewed the record in this case, including the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge, the Court finds that the dismissal of petitioner's second, third, fourth, fifth, seventh, eighth, and ninth grounds for relief as procedurally barred is debatable among reasonable jurists and that these claims deserve to proceed further. These claims are, therefore, appealable under AEDPA. The Court's findings regarding petitioner's other grounds for review, namely the alleged speedy trial violation (ground one), the ineffective assistance of counsel claim (ground six), and the alleged insufficiency of the evidence to support the second degree murder conviction (ground ten), are not debatable and should not be the subject of an appeal.

Dated this 1st day of June, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge